■ PITTSFORD PLAZA ASSOCIATES, Appellant, v PAUL M. SPIEGEL et al., Constituting the Town Board of the Town of Pittsford, Respondents. PHILLIP A. SMETHURST et al., Intervenors-Respondents.—Judgment unanimously reversed, on the law, without costs, and petition granted, in accordance with the following memorandum: Petitioner appeals from the dismissal of its CPLR article 78 proceeding to review a determination of the Pittsford Town Board disapproving petitioner's preliminary site plan for the proposed construction of a seven-screen movie theatre. The Town Board's action was taken pursuant to the final authority it has retained over preliminary site plans (Pittsford Code § 15-228) and notwithstanding the prior approval of the site plan by the Town Planning

Board and the prior approval of the proposed theatre use by the Zoning Board of Appeals in granting petitioner a special use permit. In its resolution the Town Board based its disapproval of the site plan not upon the planning criteria for preliminary plan approval set forth in the ordinance but on its conclusion that because the New York State Department of Transportation "is presently working on plans for widening and improving Monroe Avenue, which said plans are not yet complete", the project would adversely affect the "public health, safety and general welfare of the residents of this Town" until the improvements are completed and the effects thereof can be observed. We reject petitioner's contention that the Town Board lacks the power of final approval over preliminary site plans. The ordinance clearly so states and such retention of control does not contravene Town Law § 274-a. Nevertheless, the Town Board exceeded its authority in disapproving the preliminary plans for reasons relating to the desirability of the proposed use and its effect on traffic congestion in the town, and Special Term should have annulled the determination. The Town Board's authority in the ordinance to review and approve preliminary site plans does not confer upon it the power to approve or disapprove a proposed use and, in effect, overrule the Zoning Board of Appeals (*see, Matter of Gershowitz v Planning Bd.*, 69 AD2d 460, 474, *revd on other grounds* 52 NY2d 763, 765). (Appeal from judgment of Supreme Court, Monroe County, Finnerty, J.—art 78.) Present —Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Pine, JJ.